FORSYTH *v.* CENTRAL MFG. CO.

(*Knoxville.*   November 15, 1899.)

1. ACTIONS.   *By parent for minor child's injuries.*

The parent can maintain action for loss of service and expenses of care and treatment of child resulting from personal injuries of the child by another's negligence, although the child has already recovered in a suit brought by himself for such injury.

Case cited: Bamberger *v.* Citizens' Street Railroad Co., 95 Tenn. 30.

2. NEW TRIAL.   *Misconduct of jury.*

And it is misconduct on the part of the jury that requires the granting of a new trial, and reversal of judgment for defendant, for them to introduce into their deliberations, and consider for any purpose, on the trial of the parent's action for his child's injuries, the fact that the child had, himself, recovered a judgment therefor.

Cases cited and approved: Ryan *v.* State, 97 Tenn., 206; Citizens' Street Railway Co. *v.* Burke, 98 Tenn., 653.

FROM HAMILTON.

Appeal in error from Circuit Court of Hamilton County.   M. D. SMALLMAN, J., sitting by interchange.

JONES & McGHEE and C. R. HEAD for Forsyth.

J. H. BARR for Central Mfg. Co.

CALDWELL, J.   The judgment in this case must be reversed for misconduct of the jury.

19 P—32

William Morrell, a boy about twelve years of age, while in the employ of the Central Manufacturing Company as an operative, lost three of his fingers by contact with one of its saws. He sued the company in his own right, by next friend, for its alleged negligence in causing his injuries, and recovered a judgment for $1,500. His widowed mother, M. J. Forsyth, brought the present action against the company to recover damages resulting to her from the same wrong in the loss of her son's services and the necessary expense of treating his wounds. While deliberating upon her case, some of the jurors cognizant of it, called attention to the fact of the judgment in favor of the son, and that fact was made the reason for returning a verdict against the mother.

This action on the part of the jury vitiated the verdict, and the trial Judge should have so ruled on the plaintiff's motion for a new trial. No juror had the right to introduce the fact of the judgment in favor of the son, and the jury had no authority for considering such fact when so introduced. *Ryan* v. *State,* 97 Tenn., 206; *Cilizens' Street Ry. Co.* v. *Burke,* 98 Tenn., 653. Moreover, the right of action in the one case was different from that in the other, and the judgment in favor of the minor son for the injuries inflicted upon his person could not preclude his widowed mother from recovery for the loss of his services during minority and for neces-

sary outlays in the treatment of his wounds. The right of the parent to maintain such an action is not affected by a previous recovery by the child for the injuries sustained by himself. 3 Sutherland on Damages, Sec. 1252, p. 2681; 17 Am. & Eng. Enc. of Law, 385, 386; Beech on Contributory Negligence, Sec. 131; *Bamberger* v. *Citizens' Street Railway Company,* 95 Tenn., 30.

Reverse and remand.