MRS. NANNIE E. BLACKWELL *v.* MEMPHIS STREET RAIL-
WAY COMPANY. *

(*Jackson.* April Term, 1911.)

1. **STATUTES OF LIMITATIONS. Legislative intent to pre-
scribe a bar to all suits, whether specifically mentioned or not.**

Section 4466 of Shannon's Code evinces a legislative purpose
and intent to prescribe a bar for all suits at law, whether
specifically mentioned or not. (*Post, p.* 520.)

Code cited and construed: Sec. 4466 (S.); sec. 3466 (M. & V.);
sec. 2769 (T. & S. and 1858).

Cases cited and approved: Alvis v. Oglesby, 87 Tenn., 181;
Hughes v. Brown, 88 Tenn., 589; Ballard v. Scruggs, 90 Tenn.,
588; Scott v. Wagstaff, 120 Tenn., 258.

2. **PERSONAL INJURIES. Statute giving parent an action for
injury to minor child means for injury to the person of the
child.**

The statute (section 4503 of Shannon's Code), giving a parent a
right of action for the expense and actual loss of services re-
sulting from an injury to a minor child in the parent's serv-
ice or living in the family must be construed to mean or refer
to an injury to the person of the child. (*Post, pp.* 520, 521.)

Code cited and construed: Sec. 4503 (S.); sec. 3503 (M. & V.);
sec. 2803 (T. & S. and 1858).

3. **SAME. In statute limiting time of action "for" injury to the
person, "for" means "on account of" or "because of."**

In the statute (section 4469 of Shannon's Code), providing that
"all civil actions for injury to the person shall be commenced

---

*As to parent's right of action at common law for loss of services
of minor child whose death is caused by negligence, see note in
18 L. R. A. (N. S.), 316.

within one year after the cause of action accrued," the word "for" means "on account of" or "because of," so that the words "for injury to the person" mean "on account of or because of injury to the person." (*Post, p.* 521.)

Code cited and construed: Sec. 4469 (S.); sec. 3469 (M. & V.); sec. 2772 (T. & S. and 1858).

4. **STATUTES OF LIMITATIONS. Parent's action for injury to minor child is barred by the one year statute of limitation; statutes construed together.**

The statutes mentioned and construed in the preceding headnotes must, because of their manifest and intimate connection, be read and construed together and with relation to each other; and, when so read and construed, they clearly mean that the parent's right of action for injury to the person of a minor child is barred after one year from the time of the injury; and the statute (section 4473 of Shannon's Code), prescribing a limitation of ten years in all cases not expressly provided for, does not apply in such case, because the other said statutes are construed as expressly providing a limitation of one year in such case. (*Post, pp.* 519-523.)

Code cited and construed: Secs. 4448, 4466, 4469, 4473, 4503 (S.); secs. 3451, 3466, 3469, 3473, 3503 (M. & V.); secs. 2757, 2769, 2772, 2776, 2803 (T. & S. and 1858).

5. **PERSONAL INJURIES. Parent's right of action is not affected by minor child's previous recovery.**

The right of a parent to maintain suit under the statute (section 4503 of Shannon's Code) for injuries to the person of a minor child is not affected by a previous recovery by the child for injuries sustained. (*Post, p.* 522.)

Code cited and construed: Sec. 4503 (S.); sec. 3503 (M. & V.); sec. 2803 (T. & S. and 1858).

Case cited and approved: Forsythe v. Manufacturing Co., 103 Tenn., 498.

Blackwell v. Railroad.

6. SAME. Parent's recovery for injury to minor child, if not excessive, will stand, though amount of damages are not shown by exact calculation.

Though the parent may not be able to show by exact calculation the amount of damages resulting from the loss of services of the minor child, yet the suit of the parent may be maintained; and a recovery, if not excessive, will be allowed to stand; for the right of the parent to sue arises out of, or is based upon, the injury to the child. (*Post, pp.* 519, 522.)

Code cited and construed: Sec. 4503 (S.); sec. 3503 (M. &. V.); sec. 2803 (T. & S. and 1858).

Cases cited and approved. Forsythe v. Manufacturing Co., 103 Tenn., 498; Manufacturing Co. v. Cotton, 108 Tenn., 63; Maxson v. Railroad, 112 N. Y., 559 (overruling Groth v. Washburn, 34 Hun, 509).

---

FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—A. B. PITTMAN, Judge.

C. L. COYNER and L. H. ESTES, for plaintiff.

ROANE WARING, for defendant.

---

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

The plaintiff, Mrs. Nannie E. Blackwell, brought suit against the Street Railway Company, in the circuit court

of Shelby county, Tenn. The suit was predicated on the negligent operation of one of the cars of the company, by which it was alleged that the plaintiff's daughter was injured, and that as a result of such injury the plaintiff sustained certain damages, in the declaration averred, to wit, loss of service, and expenses of nursing and caring for plaintiff's daughter, and expenses of medicine furnished by the plaintiff.

The declaration averred the date of the injury, and the company demurred to the declaration, on the ground that the suit was barred by the one-year statute of limitations, section 2772 of the Code of 1858, carried into Shannon's Code as section 4469.

The circuit court, Judge Pittman presiding, sustained the demurrer and dismissed the suit. The plaintiff appealed to the court of civil appeals, where the judgment of the circuit court was reversed; and the case is before us on *certiorari* granted, but not finally disposed of, at the last term of this court.

The controverted question in the case is, Which statute of limitations applies? The company insists that it is one-year statute, and the plaintiff insists that it is the ten-year statute, which is section 2776 of the Code of 1858, and carried into Shannon's Code as section 4473. That the question is one of first impression in this State is conceded by both sides. The plaintiff insists that her right to the services of her daughter, and the other elements of damage, claimed in her declaration, are property, and that the gravamen of her suit is the recovery of

property rights, and that her suit is therefore not within the one-year statute.

The defendant insists that the plaintiff's suit arises out of the alleged injuries to the person of plaintiff's daughter, and is therefore within the terms of the one-year statute.

The plaintiff's right to maintain this suit, if brought in time, is fixed by section 2803 of the Code of 1858, which is section 4503 of Shannon's Code. This section provides that the father, or in case of his death or desertion of his family, the mother, may maintain an action for the expense and actual loss of service resulting from an injury to a minor child in the parent's service or living in the family.

It is well settled that the section 2769 of the Code of 1858, which is section 4466 of Shannon's Code, evinces a legislative purpose and intent to prescribe a bar for all suits at law, whether specifically mentioned or not. *Alvis* v. *Oglesby,* 87 Tenn., 181, 10 S. W., 313; *Hughes* v. *Brown,* 88 Tenn., 589, 13 S. W., 286, 8 L. R. A., 480; *Ballard* v. *Scruggs,* 90 Tenn., 588, 18 S. W., 259, 25 Am. St. Rep., 703; *Scott* v. *Wagstaff,* 120 Tenn., 258, 107 S. W., 976.

It is to be noted that the right of the parent to sue under section 2803 of the Code of 1858 (section 4503 of Shannon's Code) arises out of, or is based upon, the injury to the child. This is apparent from the language of the statute.

We think the statute must be construed to refer to an injury to the person of the child. The one-year statute

of limitations, section 2772 of the Code of 1858, carried as section 4469 of Shannon's Code, and the section under which the parent's right to sue arises, each appears in the Code of 1858, and must, we think, because of their manifest connection, be read and construed with relation to each other. Eliminating all irrelevant matter, in so far as this suit is concerned, and the legislation accomplished by sections 2769 and 2772 of the Code of 1858 was as follows:

"All civil actions for injury to the person sall be commenced within one year after cause of action accrued."

The word "for," above used in connection with and preceding the words "injury to the person," can have no other meaning than *on account of* or *because of injury to the person,* and in this well-known meaning, the word "for" is the connecting link which binds the statute giving the parent a right to sue to the one-year statute of limitations. There is no such manifest and intimate connection between the statute giving the parent a right to sue and the ten-year statute as we have pointed out to exist between the former and the one-year statute. The ten-year statute names a number of different kinds of suit to which it applies, and then adds, "all other kinds not expressly provided for;" but, of course, as to kinds expressly provided for it does not apply. To hold that the ten-year statute does apply would be give this legislation a construction wholly unreasonable. It would be to say that the legislature intended to cut off the person who sustained the injury, and suffered the physical

pains, and perhaps permanent injury thereof one year from the date when such person would become *sui juris*, as would be true under section 2757 of the Code of 1858, and section 4448 of Shannon's Code, but to allow the parent of the person injured, the parent usually being a person *sui juris* at the date of the injury, ten years from that date in which to sue, and this in a case where each right of action springs from the same negligent act of the same defendant.

We think it clear that the legislature intended no such result in the passage of these statutes. It has been held that the right of the parent to maintain a suit under the statute is not affected by a previous recovery by the child for injuries sustained. *Forsythe* v. *Central Mfg. Co.*, 103 Tenn., 498, 53 S. W., 731.

Although the parent may not be able to show by exact calculation the amount of damage resulting from the loss of service of the child, yet the suit of the parent may be maintained, and that a recovery, if not excessive, will be allowed to stand. *Central Mfg. Co.*, v. *Cotton*, 108 Tenn., 63, 65 S. W., 403.

In *Forsythe* v. *Central Mfg. Co.*, supra, it is said the right of action in one case is different from that in another, and that, of course, is true in so far as the elements constituting the measure of damages are concerned; but each cause of action undoubtedly springs from the same negligent action and the same personal injury to the child, and we think the legislature must have intended that the one-year statute should apply to

each action. Of course, if the parent should be under disability of minority at the time of the injury, the bar of the statute of limitations of one year would not be complete against the parent until one year after the removal of the disability of minority of the parent. And, as we have seen, the bar of the one-year statute of limitations would not be complete against the minor until one year from date of the removal of the disability of minority of the minor.

We have been cited by plaintiff's counsel to the case of *Waller* v. *Chicago,* 11 Ill. App., 209, and to the case of *Groth* v. *Washburn,* 34 Hun (N. Y.), 509, as sustaining their contention; but it appears that the last-named case was overruled by *Maxson* v. *Delaware R. R. Co.* 112 N. Y., 559, 20 N. E., 544. We have not had access to either one of these cases, nor do we consider it necessary that we should, since the construction which we have given these statutes seems the only one possible, in the absence of any express decision of our own court to the contrary of the view we have announced in this opinion.

It results that the judgment of the court of civil appeals must be reversed, and the judgment of the circuit court affirmed, and the suit dismissed, at plaintiff's cost.