**Allen ZANG, Plaintiff-Appellee,**

v.

**Eddie LEONARD, Jack C. Spence, and Helen P. Spence, Individually and as Partners d/b/a Spence Properties, Spence Manor Motor Hotel, Spence Motels, Inc., and Motel Systems, Inc., Defendants-Appellants.**

Court of Appeals of Tennessee, Middle Section at Nashville.

June 1, 1982.

Permission to Appeal Denied by Supreme Court Oct. 4, 1982.

Robert L. Jackson and John Reynolds, Jackson, Tanner & Reynolds, Nashville, for plaintiff-appellee.

Gary Kazin and Lawrence Levine, Levine & Rosenblum, Nashville, for defendants-appellants.

## ABRIDGED OPINION

TODD, Presiding Judge, Middle Section.

(With the concurrence of participating judges, the original opinion on file with the Clerk has been abridged for publication)

The defendants, Jack C. Spence and Helen Spence, Individually and partners d/b/a Spence Properties and Spence Manor Motor Hotel, Spence Motels, Inc. and Motel Systems, Inc., have appealed from a judgment against them and in favor of the plaintiff, Allen Zang for $40,000 damages resulting from an incident in which a robber shot plaintiff on the premises of Spence Manor Motor Hotel.

The defendant, Eddie Leonard, was dismissed by the Trial Court and is not a party to this appeal.

For some time prior to his injury, plaintiff had been a resident of Spence Manor, parking his automobile in the lot provided for guests. On May 30, 1977, plaintiff arrived at the motel, parked his auto in the motel lot, and was unloading his baggage when he was approached by a robber who shot him, robbed him, and absconded with his auto.

The theory of plaintiff's suit is that the motel was negligent in failing to make adequate provision for his safety in the parking lot and/or to respond to his needs after his injury.

The first issue presented by appellants is as follows:

1. Did the trial court err in failing to direct a verdict for the defendants and for its charges to the jury on the basis of *Cornpropst v. Sloan,* 528 S.W.2d 188 (Tenn.1975)?

Appellants state that the foregoing issue "can be broken down" to a series of "sub-issues", all of which relate to instructions which the Trial Judge gave or refused to give to the jury. None of the subordinate issues mentions a directed verdict. To avoid confusion, certain "sub-issues" will be discussed rather than Issue 1, quoted first above.

Sub-issue A complains of an instruction given to the jury as follows:

10. "A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent or intentionally harmful acts of

third persons or animals, and by the failure of the possessor to exercise reasonable care to

· (a) discover that such acts are being done or likely to be done, or

(b) give a warning adequate to enable the visitors to avoid the harm or otherwise to protect them against it."

Sub-issues B and C complaint of the refusal of defendants' special requests for instructions as follows:

In order for you to render a verdict against the Defendants in this case, for the shooting of Allen Zang, you must find that the Defendants knew in advance of the actions of James Hinkle, and not some other person, which gave the Defendants notice of the imminent probability of danger to the Plaintiff, Allen Zang.

. . . .

There is no duty upon the Defendants whose mode of operation of their premises does not provide a climate for crime, to guard against the criminal acts of a third party such as James Hinkle, unless they know or have reason to know that acts are occurring or about to occur on the premises that impose imminent probability of harm to a guest, whereupon a duty of reasonable care to protect against such acts arises.

Appellants cite *Cornpropst v. Sloan,* Tenn. 1975, 528 S.W.2d 188, wherein the Supreme Court stated:

The question on this appeal is whether the complaint states a cause of action against merchants who are members of a shopping center association, for personal injuries to an invitee resulting from a sudden criminal assault by a third party, on a shopping center parking lot.

[8] In our opinion the appropriate rule applicable to this case is as follows: There is no duty upon the owners or operators of a shopping center, individually or collectively, or upon merchants and shopkeepers generally, whose mode of operation of their premises does not attract or provide a climate for crime, to guard against the criminal acts of a third party, unless they know or have reason to know that acts are occurring or about to occur on the premises that pose imminent probability of harm to an invitee; whereupon a duty of reasonable care to protect against such acts arises. Id. at 197, 198.

It was not intended that the holding in *Cornpropst* should be controlling in all cases of assault by strangers upon an invitee of the defendant. In this respect, the *Cornpropst* opinion states:

We are not called upon, in this case, to draft a rule applicable to all of the many types of business and entertainment and service establishments or of every premises liability, or special relationship situation wherein a duty of protection of invitees might be asserted, and we do not propose to do so. Id. at 198.

■ In *Cornpropst,* defendants owned or controlled or were associated in the ownership and control of a "wide open" parking area to which the general public was invited for the purpose of patronizing various business establishments in the area. In the present case, none of these elements were present. The parking lot was maintained only for the guests of the motel. No others were invited or expected to enter. Therefore, the duty of defendants in this case is not the same as the duty described in *Cornpropst,* and the Trial Judge committed no error in refusing to charge the language of *Cornpropst.*

■ Appellants insist that the portion of the charge in Sub-issue A was erroneous. In response, appellees point out that it is in the exact language of § 344 of Restatement of Torts (second). Whatever the source of this portion of the charge, it is erroneous. The challenged language is too broad to conform to the present state of the law in Tennessee. Its wording permits an interpretation which would make a possessor of land an insurer of invitees against injury from the acts of third persons or animals. That is, the wording is susceptible to the interpretation that injuries from the acts of third persons (unaided by negligence of possessors) *and* injuries resulting from negligence of possessors impose liability upon

possessors. In order to correctly state the law the charge should make it clear that possessors are liable for misconduct of third persons only when negligence of the possessor is a proximate cause of the injury.

The measure of the liability of the possessor of land to invitees is due care under all the circumstances including the nature and use of the land, the nature of the invitation, the nature of the relationship with the invitee, the opportunity of the possessor and the invitee to know and avoid existing or probable dangers, and any and all other factors which would challenge the attention of the possessor and/or invitee to the probability of danger to the invitee and produce the precautions which a reasonably prudent person would instigate under the same or similar circumstances.

In the present case, it is shown that the motel was advertised as an unusual establishment which offered better than ordinary facilities to its patrons, that the location of the motel was such as to be convenient to law violators, and that other patrons had been previously assaulted on the premises. These circumstances, and all others shown by the evidence, were the proper basis for a finding of fact by the jury as to what, if any, protective measures would have been employed by a reasonably prudent motel operator under the same circumstances. The jury should have been so instructed.

The jury should have been further instructed that, after finding as a fact the measures which should have been taken, the jury next should determine whether the actions of the responsible defendants conform to the actions of a reasonably prudent motel operator, as found by the jury; that if the jury should find that the conduct of a defendant or defendants did so conform, the jury should find the such defendant or defendants not guilty of negligence; but that if the jury should find that the conduct of a defendant or defendants did not conform to such care of a prudent motel operator as found by the jury, the jury should find such defendant or defendants to be negligent.

Sub-issue E complains of the refusal of the Trial Judge to charge the jury as follows:

I further charge you that if the owner is to be held liable for certain criminal acts of third persons, there must be a showing that the owner was on notice in some manner of the imminent probability of the act.

This requested instruction is a quotation from *Corbitt v. Ringley,* Tenn.App.1973, 496 S.W.2d 914; however, the quotation is misleading, for it omits other explanatory portions of the opinion, such as the following:

This does not mean that the owner will automatically escape liability in every case of a sudden assault on a patron by a third party. 496 S.W.2d at 917.

Moreover, the cited case involved a situation where there had been no previous similar criminal act on the premises.

Sub-issue F complains of the refusal of the Trial Judge to charge at the request of defendants as follows:

I further charge you that the law does not place the duty upon an owner of anticipating the criminal acts of another unless the criminal act is the natural and spontaneous result of the act or failure to act of the owner.

This request-for instruction was based upon *Brodie v. Miller,* 24 Tenn.App. 316, 143 S.W.2d 1042 (1940). In that case a tavern employee ejected an unruly patron and locked the door. The patron broke down the door, reentered the bar and fired a shot which struck the plaintiff, another patron. The facts of that case were held to show the exercise of due care in preventing predictable conduct of the evicted patron and the lack of foreseeable proximate causal connection between the eviction of the patron and his breaking and reentering the tavern. The facts of the present case are not sufficiently identical to require the statement in *Brodie* to be a part of the charge in the present case.

As already indicated, this Court does not agree that there is a generally applica-

ble rule that the possessor of premises must have actual notice of a threatened specific criminal act by a specific person before liability can attach to the possessor for the criminal act of a third person.

Appellant's second issue complains of a section of the jury instructions as follows:

Defendant may be liable for the obvious and unexplained neglect of defendants' employees in failing to go to the assistance of complainant after he reported he had been shot or in failing to take steps toward having someone attend this wounded guest.

The verbiage of the foregoing quotation conveyed to the jury the unequivocal determination of the Trial Judge that, in the failure to assist plaintiff after his injury, the employees of defendants were guilty of negligence as a matter of law. The general rule is that it is for the jury to determine whether particular conduct was negligent under the circumstances. *McKay v. Mitchell,* 62 Tenn.App. 424, 463 S.W.2d 710 (1970). The evidence in the present case does not present an exception to the general rule.

Since the case is to be retried, it should be pointed out to the jury that separate acts of negligence and separate resulting damages are alleged by plaintiff. Negligent acts or omissions of defendants before plaintiff's injury would support an award for damages resulting therefrom. On the other hand, negligence of defendants' employees *after* the injury will support an award only for the *additional* damages suffered therefrom, as for example, complications of injuries or an extra period of pain and suffering resulting from the negligence occurring after the injury.

Appellant's third issue complains of refusal to charge the jury in accordance with a requested instruction as follows:

The general rule of law governing the liability of an innkeeper that *he is not an insurer of the person of his guest* against injury, but his obligation is merely to exercise reasonable care that his guest may not be injured by anything happening through the innkeeper's negligence.

The foregoing principle has been enunciated by appellate courts of Tennessee. *Weeks v. McNulty,* 101 Tenn. 495, 48 S.W. 809 (1898); *Kandrach v. Chrisman,* 1971, 63 Tenn.App. 393, 473 S.W.2d 193. However, neither of the cited authorities dealt with the injury of a guest by a third party. Such a situation arose in *Williamson v. Sands Motel,* unpublished, Tennessee Court of Appeals, Middle Section, May 7, 1976, wherein negligence of the innkeeper was alleged *after* the injury.

In the circumstances of the present case, the precise verbiage of the requested charge would have been inappropriate because the words, "anything happening through the innkeeper's negligence" would imply to a jury that the liability of the innkeeper to a guest is limited to those damages negligently inflicted by the innkeeper or his employees and tends to exclude liability where damages are inflicted by third parties with concurring negligence of the innkeeper in failing to protect the guest from the action of third parties.

The requested instruction would be appropriate if properly reworded to admit the possibility of liability where the injury of the guest by the third party was made possible by the failure of the innkeeper to exercise reasonable care under the circumstances.

Appellant's fourth issue complains of the refusal of the Trial Judge to charge the jury at the request of defendants as follows:

I further charge you that there is no statutory authority in Tennessee requiring night watchmen at hotels or motels.

Although the foregoing is a correct statement, it was not error for the Trial Judge to omit it from the charge because it was irrelevant to the issues. That is, the complaint does not allege such a law, hence the jury did not need to be told there was no such law. To give this instruction under the circumstances would be as superfluous as a charge that there is no law forbidding a suit by a guest against a motel.

Appellant's fifth issue complains of the instructing of the jury at the request of the plaintiffs as follows:

Whether a proprietor of an inn, hotel, boarding house or lodging house or restaurant has exercised reasonable care for the safety of the occupant or patron is to be determined in the light of the circumstances of each case. It has been said that the reasonable care which an innkeeper must exercise for the safety and comfort of his guests varies with the grade and quality of the accomodations that he offers ...

██ The requested instruction comes close to accuracy, but is not completely accurate and free of confusion. It is true that the type of services and accommodations represented to prospective patrons affects to some degree the standard of care in respect to the maintenance of such services and accommodations. However, the words, "it has been said," imply to the jury that the succeeding statement is a controlling rule of law which the jury must follow, and it tends to unduly emphasize only one of numerous circumstances to be considered.

██ Appellant's sixth issue complains that the Trial Judge instructed the jury to consider loss of earning capacity when there was no evidence of such loss. Strangely, this issue is not discussed in the brief of appellee. Where appellant insists there was no evidence on a certain issue, it is the duty of appellee to cite in the record where such evidence may be found.

██ In the absence of evidence of loss of earning capacity, it would be error to instruct the jury to consider damages for such loss.

By their seventh issue, appellants complain that plaintiff was permitted to argue to the jury as follows:

... I'm a little taken aback by Mr. Levine's argument. I'm supposed to respond to his argument. I'm a little surprised. You know, to compare this to the shooting of a president, John Lennon, Martin Luther, a political thing, this is not a good comparison. That's not a

proper analogy. Why didn't he compare it to Connie Francis who was staying in a hotel up north somewhere and got raped and beaten, and they sued the hotel, and the hotel had to pay two point one million dollars—

██ The argument was improper, the objection of defendants should have been sustained, the jury should have been instructed to disregard such argument as improper, and counsel should have been admonished against irrelevant and prejudicial argument, *Forsythe v. Central Mfg. Co.*, 103 Tenn. 497, 53 S.W. 731 (1899).

██ By their eighth issue, defendants complain of the admission over objection of defendants, portions of the deposition of the assailant who injured plaintiff to the effect that he would not have attacked plaintiff if the lobby of the motel had been brighter and other people had been present. Such evidence was inadmissible and should have been excluded. Human behavior is hardly predictable, even by the actor, himself. He may testify whether he would have been influenced by certain circumstances, but this is a far cry from stating what behavior would have occurred if a particular circumstance existed. Moreover, the issue is not whether the attacker would or would not have attacked, but what could and should have been anticipated by defendants.

██ In the same (eighth) issue, appellants complain of the exclusion of the opinion of the assailant that he would not have shot plaintiff if he had not run toward his car. The doctrine of "fighting fire with fire" does not prevail in Tennessee. That is, in Tennessee, the admission of a particular bit of inadmissible evidence does not require the trial court to admit other evidence having the same infirmity.

██ In the same (eighth) issue, appellants complain of the refusal of the Trial Court to admit in evidence the testimony of one of the motel employees, a named defendant, that he had been instructed by the police to behave as he did. Ordinarily, there would be no occasion for the admission of such testimony which is clearly hear-

say of an opinion. However, the issue of the state of mind of each defendant is raised by the suit for punitive damages. The instruction of the police, even though erroneous, is material to the issue of punitive damages. Therefore, the evidence should have been admitted with a brief instruction to the jury on the subject of "multiple admissibility", that is, that the evidence in question should be considered on the issue of punitive damages and not otherwise.

In their eighth issue, appellants complain of the action of the Trial Judge in permitting plaintiffs to amend to add Motel Systems, Inc., after the running of the statute of limitations.

Rule 15.03, T.R.C.P., does provide that amendments relate back to the date of filing the original pleading. However, this rule also provides that it is not intended to extend the statute of limitations.

■ The general rule is that the statute of limitations protects defendants separately, so that the filing of a suit against one or more defendants will not preserve the right to proceed against another defendant after the expiration of the statute. *Abdullah v. Weil,* 168 Tenn. 382, 79 S.W.2d 284 (1935).

Appellees rely upon the provision of Rule 15.03 that an amendment will relate back if:

> The party to be brought in ... (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits.... Except as above specified, nothing in this rule shall be construed to extend any period of limitations governing the time in which action may be brought.

■ The words, "Except as above specified" evidently refer to the above quoted provision for cases where the new defendant received notice of the original filing. The evidence shows that Mr. and Mrs. Spence, named as defendants in the original complaint, were sole stockholders, officers and directors of Motel Systems, Inc. This satisfies the requirement of notice and validates the action of the Trial Judge in allowing the amendment.

■ By their tenth issue, appellants complain that the Trial Judge prohibited counsel during closing argument from quoting the charges to be given to the jury. In compliance with Rule 15.01, T.R.C.P., prior to argument, counsel were informed what instructions would be given to the jury. Appellants conceive that the purpose of rule 15.01 is to permit counsel to charge the jury in advance. Such is not the case. The jury receives instructions from the trial judge and not from counsel. It is permissible for counsel to argue fully to the jury the *theories* and *insistencies* of his client, including valid theories of law. However the presentation of theories of law must, of necessity be as theories and not as authoritative instructions. It is not permissible to predict to the jury what the judge will charge. Otherwise the jury would be receiving the law from three or more sources, i.e., the judge plus one lawyer for each side.

■ It is permissible for counsel to state their insistences in substantially the same language as the expected charge, so long as the language does not contain the words, "I instruct you", "You are instructed", "The Court will instruct you", "This is the law" or equivalent expressions. All statements of law should be accompanied by the words, "Plaintiff (or defendant) insists that the law places upon defendant (or plaintiff) these duties (naming them). Plaintiff urges you to pay careful attention to the charge of the Court in this respect."

By their eleventh issue, defendants complain that the Trial Court overruled motions for directed verdicts and for a new trial by Spence Motels, Inc. and Helen P. Spence.

Appellees' explanation of the basis of their suit against Spence Motel, Inc., is as follows:

> As a practical matter, Spence Manor Motor Hotel is owned by Jack Spence and wife, Helen Spence. The Spences do not, however, simply own the business outright. The business is owned and controlled through a series of corporations

and a partnership. Mr. and Mrs. Spence own the land upon which the hotel is constructed. They also own the building as partners. Spence Motels, Inc. is a corporation which was formed by the Spences for the operation of certain motels in the Nashville area. Motel Systems, Inc. is a corporation which manages Spence Manor Motel Hotel. In both these corporations, Jack and Helen Spence are the sole Shareholders, Directors and officers of the corporations. Based upon these facts, and the series of interlocking corporations which the Spences have formed (probably for tax and accounting purposes) the liability of Spence Motels, Inc. was a question for the jury.

Nothing is found in the foregoing or in the record to justify a verdict against Spence Motels, Inc. A verdict should have been directed in its favor. Plaintiff's suit against this defendant will be dismissed in this Court.

Appellee's entire argument in respect to the liability of Mrs. Spence is as follows:

Mrs. Spence's liability is predicated upon her ownership interest in Spence Manor. Mrs. Spence is a partner in the partnership which owns the real property involved in this lawsuit. Mrs. Spence is an officer and a Director and a shareholder of all of the corporations which are involved in this lawsuit. The Appellant maintains that Mrs. Spence had no management duties in the corporation. Yet, Mrs. Spence was an officer of the corporation. Therefore, as an agent of the corporation, the jury could reasonably conclude that Mrs. Spence had breached the duty owed to the Plaintiff, Allen Zang. Mrs. Spence is in much the same position that Mr. Spence was in; she is an officer and a Director of the corporation, as well as a partner in the partnership which owns the property. A directed verdict in favor of Mrs. Spence would be improper.

■ Nothing is found in the foregoing quotation or in the record to support a verdict against Mrs. Spence. This suit is not based upon the liability of an owner for

the condition of property but upon negligent operation of a business on the property. It is not shown that Mrs. Spence operated the motel as an individual or partner. She has no liability as an officer of a corporation unless it be shown that her own acts or omissions were a proximate cause of plaintiff's injuries. Such is not shown.

A verdict should have been directed in favor of Mrs. Spence. The suit against her will be dismissed in this Court.

By their twelfth issue, defendants complain that the Trial Judge refused to instruct the jury to avoid "viewing the media" during the trial.

■ Appellants do not insist that any prejudicial information was broadcast, printed, heard or seen by any jurors. Insufficient grounds were presented to the Trial Judge to place him in error for refusing the instruction. Even if his refusal should be error, it was harmless, because no prejudice is shown. Rule 36(b), T.R.A.P.

By their thirteenth issue, appellants complain that when defendants called plaintiff to testify, the Trial Judge ruled that he should be examined by defendants as their witness and not cross examined by them.

■ Defendants were entitled to call the plaintiff, interrogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse party. Rule 43.02, T.R.C.P.

As a result of the foregoing responses of this Court to the issues presented for review, the following disposition is made of this appeal:

The judgment of the Trial Court is reversed and vacated as to all defendants.

Plaintiff's suit against Spence Motels, Inc., and Helen P. Spence is dismissed.

The cause is remanded for retrial as to the defendants, Eddie Leonard, Jack C. Spence, Spence Manor Motor Hotel, and Motel Systems, Inc.

All costs of including the dismissed defendants in this suit prior to appeal will be assessed against plaintiff. One third of the costs of this appeal are taxed against plain-

tiffs. The taxation of the remainder of costs of appeal will abide and follow the disposition of the suit against the remaining four defendants.

Reversed, dismissed in part, remanded.

LEWIS and CANTRELL, JJ., concur.