**Charles KVERAGAS, Esther Kveragas**

v.

**SCOTTISH INNS, INCORPORATED, Hsu Enterprises, Inc. and Tzu-Chi Hsu.**

Civ. No. 3–82–609.

United States District Court, E.D. Tennessee, N.D.

Feb. 28, 1983.

Laurence M. Kelly, Montrose, Pa., Steven Oberman, Knoxville, Tenn., for plaintiffs.

Robert A. Crawford, Knoxville, Tenn., for defendants.

MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

In this action plaintiffs, Charles Kveragas and his wife, are suing Scottish Inns, Hsu Enterprises, Inc. and Tzu-Chi Hsu for damages incurred while staying in a Scottish Inns motel. On February 16, 1982 three unknown men robbed and assaulted plaintiffs while they were staying in the motel allegedly operated by defendants.

In *Cornpropst v. Sloan,* the Tennessee Supreme Court held as follows:

> There is no duty upon the owners or operators of a shopping center, individually or collectively, or upon merchants or

shopkeepers generally, whose mode of operation of their premises does not attract or provide a climate for crime, to guard against the criminal acts of a third party, unless they know or have reason to know that acts are occurring or about to occur on the premises that post imminent probability of harm to an invitee; whereupon a duty of reasonable care to protect against such act arises.

528 S.W.2d 188, 198 (Tenn.1975). We think that the Tennessee courts would apply the same rule to the innkeepers and motel operators of this state. The policy arguments for limiting liability for the criminal acts of third parties, as set out in *Cornpropst,* are relevant here as well. *Id.* at 195.

Plaintiffs, as a matter of law, failed to show that defendants had knowledge of or reason to know that acts were occurring or about to occur at the motel that posed an imminent probability of harm to motel guests. *See Id.* Although past criminal activity may make a neighborhood more dangerous, such activity does not meet the degree of imminent harm required in *Cornpropst. Id.; see also, Goans v. Parkridge Hospital,* Hamilton Law, No. 591 (Tenn. App., filed October 1, 1982); *Zang v. Leonard,* 643 S.W.2d 657 (Tenn.App., 1982).

Finally, the sudden criminal acts of the assailants were the sole proximate legal cause of plaintiffs' injuries. *See Cornpropst,* 528 S.W.2d at 198. For this additional reason, plaintiffs have not made out their case.

Accordingly, it is ORDERED that the jury return a verdict in favor of defendants. It is further ORDERED that this case be, and the same hereby is, dismissed.

Order Accordingly.