IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

**FILED**

**December 5, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

FREDRIKA A. STEINER,      )
                                )
     Plaintiff/Appellant,      )
                                )     Appeal No.
                                )     01-A-01-9705-CV-00233
VS.                          )
                                )     Davidson Circuit
                                )     No. 94C-2468
THE PARMAN CORPORATION,     )
                                )
     Defendant/Appellee.      )

## CONCURRING OPINION

I concur in the result reached in Judge Todd's opinion. My only reason for writing separately is to focus on what I perceive to be decisive in this case: the fact that the defendant did not violate a duty to the plaintiff. In that way, I avoid the nagging problem of the court apportioning fault in a case in which the plaintiff was entitled to a jury trial.

I start from the point that everybody owes to everybody else a duty of due care <u>under all the circumstances</u>. *Doe v. Linder Constr. Co.*, 845 S.W.2d 173 (Tenn. 1992). For a possessor of property, a duty to take action to prevent injury to an invitee depends on

> "the nature and use of the land, the nature of the invitation, the nature of the relationship with the invitee, the opportunity of the possessor <u>and the invitee to know and avoid existing or probable dangers</u> and any and all other factors which would challenge the attention of the possessor and/or invitee to the probability of danger to the invitee . . . ."

*Zang v. Leonard*, 643 S.W.2d 657 at 663 (Tenn. App. 1982)(emphasis added).

It naturally follows that a premises owner or operator has no duty to an invitee whose knowledge of a dangerous condition is as great as the owner or operator's. As the Supreme Court said in *Eaton v. McClain*, 891 S.W.2d 587 (Tenn.

1994): "Although Tennessee law provides that premises owners owe invitees the duty to warn of latent or hidden dangers, this duty does not arise if the danger is open and obvious." 891 S.W.2d at 595.

Assuming that a one and one-half to two inch difference in elevation between a concrete pad and the surrounding asphalt at a service station is dangerous, the condition was as apparent to an invitee as it was to the owner. Therefore, I do not think that the owner had a duty to warn the plaintiff to watch her step.

I am aware that the other sections of this court have held that the "open and obvious" rule has gone the way of contributory negligence, remote contributory negligence and implied assumption of the risk. *See Broyles v. City of Knoxville*, App. No. 03A01-9505-CV-00166 (filed at Knoxville, Aug. 30, 1995); *Cooperwood v. Kroger Food Stores*, App. No. 02A01-9308-CV-00182 (filed at Jackson, Dec. 30, 1994). But, it seems to me that my colleagues have drawn that conclusion where the open and obvious rule is asserted as an absolute bar to a claim against an otherwise negligent defendant.[1] In that context, I would agree that the negligence of the plaintiff and the defendant should be compared, but there is nothing to compare where the defendant did not violate a duty to the plaintiff.

I am comfortable with what I have said so far. I become uncomfortable when I am asked to apportion fault in a case where the plaintiff has a right to a jury trial. Where there is some evidence on both sides of the issue, I am not so sure that the court can say as a matter of law that the plaintiff's fault exceeds that of the defendant. In cases tried without a jury, of course, the court as the finder of fact must

---

[1]The Supreme Court granted permission to appeal in *Cooperwood* on the question of whether the open and obvious rule is limited to determining whether a duty of care is owed or whether it also applies in the assessment of relative degrees of fault. The appeal was dismissed, however, and the Court did not reach that issue.

make that determination. But the question remains one for the jury in cases where either party exercises the right to demand a jury.

- 3 -

I also admit to having some trouble with the question of whether it is for the jury to determine if a condition is open and obvious. It may be. But in this case I think reasonable minds could reach only one conclusion: that the plaintiff knew as much about the hazard as the defendant did. She had walked over the place where the concrete met the asphalt on her way to the store, and the difference in elevation was plainly visible.

Therefore, I concur in the majority opinion.

_____
BEN H. CANTRELL, JUDGE