# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Brief December 4, 2014

## CAROLYN ANN FARLEY v. ROGER DALE FARLEY, SR.

**Appeal from the Chancery Court for Hickman County**
**No. 13-CV-5012  Michael Binkley, Judge, sitting by interchange**

————————————————

**No. M2014-00814-COA-R3-CV**- Filed February 2, 2015

————————————————

Defendant Husband, who is incarcerated and acting *pro se*, appeals the trial court's judgment awarding Wife a divorce, asserting that he was not afforded an opportunity to participate in the hearing of the matter.  We vacate the judgment and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

Roger Dale Farley, Jr., Appellant, *pro se*

## MEMORANDUM OPINION[1]

———————————————

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This appeal arises from a divorce action. Carolyn Ann Farley ("Wife") and Roger Dale Farley, Sr. ("Husband") were married in 1998. No children were born of the marriage. In April 2013, Wife filed a petition for divorce in the Chancery Court for Hickman County. In her petition, Wife asserted irreconcilable differences and incarceration as grounds for divorce. She alleged that Husband had pled guilty to a felony, received a sentence of ten years, and was incarcerated at the Federal Medical Center in Lexington, Kentucky. In May 2013, Husband, acting *pro se*, filed an "informal motion" seeking an extension of time of "at least thirty-days" to respond. Wife moved for a default judgment on July 15, 2013. In her motion, wife gave notice of a default to be tendered to the court on August 13, 2013.

Husband filed a response to Wife's petition and to Wife's motion for default judgment on July 31, 2013. In his response, Husband submitted, in relevant part, that he had moved the court for an extension of time, that irreconcilable differences did not exist between the parties, that he had pled guilty to a felony offense and received a sentence of 46 months, and that the sentence was the result of a plea bargain wherein Husband agreed to a longer sentence so that Wife would not be prosecuted. Husband further alleged that he had been diagnosed with Lou Gehrig's Disease, which impeded his ability to respond, and that Wife was "utiliz[ing] the divorce as a means to hide assets from the Government." He asserted that he and Wife spoke twice a day and that Wife was "being cajoled[] and coerced into proceeding with [the] Complaint for Divorce[.]" Husband further asserted that Wife's attorney previously had represented Husband and that she currently was representing him in a separate matter. Husband alleged that the attorney had "used confidential information gained from working for [Husband] to aide and assist [Wife.]" He alleged that counsel was assisting Wife in violating the temporary restraining order enjoining the parties from dissipating marital property and that Wife had transferred property without his consent or permission of the court. Husband further alleged that Wife had forged his signature to cash-in insurance policies and to transfer title to his vehicle. He asserted that the actions of Wife's attorney constituted fraud on the court and that a clear conflict of interest existed. Husband moved for dismissal of Wife's petition for divorce and for dismissal of her motion for a default judgment.

In January 2014, Husband filed a pleading styled "Petition for Dissolution of Marriage, Notice of Settlement Agreement and Mutual Release." In his petition, Husband asserted that the parties had agreed that their differences were irreconcilable and agreed "to a stipulated factual dissolution" of their marriage. He prayed for the sale of the parties' jointly-owned property, for an equal division of assets, and for proceeds from property sold by or on behalf of Wife to be deposited with the court. The record contains a settlement agreement and release proposed and signed by Husband. Husband also filed a "property declaration" proposing an equal division of the parties' property and assigning credit card

debt in the amount of $250,000 to Wife. However, due to either a computational error or error of assignment, Husband's proposed property settlement resulted in a net award of $1,238,750 to Wife (Petitioner) and $988,750 to Husband (Respondent). Husband also filed a proposed consent judgment and order.

On January 30, 2014, Husband moved the court "to conduct any/all hearings in [the] action by telecommunication and at prison[]" pursuant to the Prison Litigation Reform Act and the Civil Rights of Institutional Persons Act. He also moved the court to award him an equitable share of property allegedly sold by Wife in contravention of the statutory temporary restraining order.

The matter was heard by the trial court on February 18, 2014. In its final order dated March 28, 2014, the trial court stated that it previously had denied Wife's motion for a default judgment upon determining that the matter should be conducted as a contested case. The trial court awarded Wife a divorce on the grounds of inappropriate marital conduct and Husband's incarceration. The court ordered all of the parties' real property to be sold at foreclosure with any deficiency assigned to both Husband and Wife. The trial court awarded Wife alimony *in solido* in the amount of $750,000 and awarded her the parties' Lexus automobile and all household items in her possession. The trial court awarded Husband all of his animals and ordered Husband to indemnify Wife for any liability arising from a one million dollar IRS lien. The trial court found that the parties had one "accounts receivable," which was a rent-to-own contract. The trial court awarded any proceeds from the contract to Wife and ordered Wife to release the debt upon final payment and without Husband's signature. Husband filed a timely notice of appeal to this Court.

**Discussion**

The determinative issue presented by this appeal, as we perceive it, is whether the trial court erred by hearing this matter without notice to Husband and without affording Husband an opportunity to participate in the hearing of the matter. We begin our review by observing that Wife did not file a brief in this Court. We also observe that the trial court's March 2014 order was not signed by Husband or counsel on Husband's behalf, but approved for entry by Wife's counsel only. Further, we note that the trial court awarded Wife a divorce "after hearing Wife's sworn testimony," that it awarded Wife a divorce on the grounds of inappropriate marital conduct and incarceration, and that inappropriate marital conduct was not pled in Wife's petition for divorce. Husband asserts in his brief, moreover, that he was not afforded an opportunity to attend the hearing and was not represented by counsel.

It is well-settled that it is the appellant's duty to prepare a record for our review that includes everything contained in the trial court record that is necessary for our examination

of the issues presented on appeal. *Aurora Loan Servs., LLC v. Woody*, No. W2014–00761–COA–R3–CV, 2014 WL 7463032, at \*3 n.4 (Tenn. Ct. App. Dec. 30, 2014) (citing Tenn. R. App. P. 24(a)). When the appellant asserts that there was no evidence with respect to a certain issue, however, it is the appellee's duty to cite to that part of the record where the evidence may be found. *Zang v. Leonard*, 643 S.W.2d 657, 665 (Tenn. Ct. App. 1982). In this case, Wife did not file a brief in this Court, and most of the 101-page, one-volume record transmitted for our review consists of Husband's pleadings and filings (including Husband's proposed settlement agreement and related documents and Husband's notice of appeal, motion to proceed *in forma pauperis*, and related documentation and orders). Accordingly, out of an abundance of caution, we ordered the trial court to supplement the record with any portion of the record not previously transmitted or to certify that the record transmitted for our review was complete and accurate. On January 20, 2015, the Clerk and Master of the Chancery Court for Hickman County certified that the record transmitted for our review contains the entirety of the record in this matter.

Upon review of the record, we find nothing to indicate that Husband received notice of the final hearing in this matter despite the trial court's stated determination that the case should be adjudicated as a contested action. Further, although the trial court noted in its March 2014 judgment that the matter was originally set for February 4, 2014, and was re-set to February 18, 2014, the record does not contain any orders setting the matter to be heard either on February 4, 2014, or February 18, 2014. The record also does not contain an amended complaint for divorce. Accordingly, Husband's October 2013 acknowledgment of service of process of the divorce complaint can refer only to Wife's April 2013 complaint.[2]

As noted, the trial court awarded Wife a divorce on the grounds of inappropriate marital conduct and incarceration. There is nothing in the record to indicate that Husband had notice of a claim of inappropriate marital conduct or that Wife in fact pled inappropriate marital conduct as a ground for divorce. The record contains nothing to indicate that Husband's motion to conduct all hearings by telecommunication at prison was granted or denied, or that Husband was afforded an opportunity to attend any hearing in this matter. We also observe that it does not appear that the trial court resolved Husband's allegation that Wife's counsel should be disqualified or that Wife's counsel filed any response to Husband's allegation of a conflict of interest.[3] The trial court made no findings to support its award of alimony *in solido* to Wife or its division of property or debt.

---

[2]We observe that the trial court stated that Husband's acknowledgment was for service of process on April 11, 2013, and that Husband waived formal service of process of only the divorce complaint.

[3]The record does not contain a formal motion to disqualify Wife's counsel. Additionally, the record does not contain a transcript of the hearing(s) in the trial court.

The Tennessee Rules of Civil Procedure provide, in relevant part:

Unless the Court otherwise orders, every order required by its terms to be served; every pleading subsequent to the original complaint; every paper relating to discovery required to be served on a party; every amendment; every written motion other than one which may be heard ex parte; and, every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar papers shall be served upon each of the parties....

Tenn. R. Civ. P. 5.01. Under Rule 5.01, Wife was required to send notice of the hearing in the trial court to Husband. *Burnett v. Burnett*, No. E2011-02297-COA-R3-CV, 2012 WL 185466, at *2 (Tenn. Ct. App. May 22, 2012). Notwithstanding Husband's incarceration, Husband is "entitled to 'reasonable access to the courts.'" *Id.* (quoting *Bell v. Todd*, 206 S.W.3d 86, 91 (Tenn. Ct. App. 2005)). We observed in a factually similar case that "[r]easonable access to the courts requires" each party to "'be afforded a fair opportunity to present [their] side of the controversy.'" *Id.* (quoting *id.*). Because it appears from the record that Husband was not given notice of the final hearing in the trial court or provided an opportunity to participate, the judgment of the trial court is vacated.

## Holding

The judgment of the trial court is vacated, and this matter is remanded for further proceedings. Costs on appeal are taxed to the Appellee, Carolyn Ann Farley.

ARNOLD B. GOLDIN, JUDGE